FRANCIS B. GOODRICH *vs.* HENRY H. STAPLES & another.

This court has no jurisdiction in equity, where relief against fraud is the direct and sole object of the bill; but where a question of fraud arises incidentally, in a cause in which the court has jurisdiction, the court has power to inquire into and decide upon such question.

S. made an absolute conveyance of land, in fee, to C., who gave him a bond for a reconveyance, on the payment of a certain sum of money: S.'s equity of redemption was attached and sold on execution and purchased by G.: S. made an assignment of the bond to E., which was alleged to be without consideration, and for the purpose of defrauding creditors (but whether before or after the attachment of the equity of redemption did not appear): C., after the attachment, released his interest to E., who subsequently conveyed the premises by a deed of warranty to S., by whom they were conveyed to T. C. C., who knew of the claim of G., as the purchaser of the equity of redemption : T. C. C. mortgaged the premises to B., and also to P.: G. brought a bill in equity for redemption against S. and T. C. C.; and, on demurrer to the bill by S., and an answer by T. C. C. setting forth his title and the mortgages made by him, it was held, that S. was properly made a party to the bill, and that the mortgagees of T. C. C. ought also to have been made parties.

THIS was a bill in equity for the redemption of certain mortgaged premises therein described.

The plaintiff alleged in his bill, that Staples, one of the defendants, on the 3d of November, 1837, conveyed the land described therein to one Crosby, in fee, and that Crosby, at the same time, gave Staples his bond to reconvey the same to Staples, on the payment by the latter to him of the sum of $200, with interest, whereby the deed to Crosby became a mortgage ; that, on the 6th of March, 1838, Staples's right of redemption was attached, and afterwards, on the 20th of August, 1838, sold and conveyed, according to law, to the plaintiff, whereby he became seized of all Staples's interest in the land ; that Staples had not then transferred but still held Crosby's bond to him, and the plaintiff held the land subject to the mortgage to Crosby ; that the plaintiff brought a writ of entry in the court of common pleas against Staples, to recover possession of the land, on which he had judgment for possession, at the September term, 1839, on which a writ of possession issued, October 18th, 1839 ; that Staples refused to account for the income, or to permit the plaintiff to have possession, of the premises, and the writ of possession was never served ; that Staples pretended that the plaintiff had no title, that Crosby's title was absolute, and that the bond had been assigned before the attachment; that the plaintiff believes that Staples did assign the bond to one Edwards, but that the assignment was made long after the attachment, and without consideration, for the purpose of defrauding creditors ; that, on the 25th of April, 1839, Crosby released his interest in the premises to Edwards, and Edwards, on the 21st of October following, by deed of warranty, conveyed the same to Staples, who, on the 29th of September, 1842, conveyed his interest to Thomas C. Cutler, the other defendant ; that Cutler, before and at the time of the conveyance to him, knew that the plaintiff had " a ful. claim " to the premises, and that Staples had no right therein, except as the assignee of the mortgage to Crosby, and as the fraudulent assignee of the bond ; that Staples received the rents of the estate from the 20th of

August, 1838, to the 29th of September, 1842, and that Cutler had received them from that time to the time of filing the bill.

The plaintiff then averred, that he had ever been ready to pay Staples and Cutler, or either of them, the sum due on the mortgage, deducting the rents, &c., and prayed that the defendants might render an account of the rents, &c., and of the sum due on the mortgage, and discharge the same, and convey the premises to the plaintiff.

Henry H. Staples, one of the defendants, demurred to the bill, first, because the plaintiff had not stated a case which entitled him to relief in equity; second, because the case made by the bill was founded on a direct charge of fraud and perjury; and, third, because Staples ought not to have been made a party to the bill.

Thomas C. Cutler, the other defendant, filed an answer, in which, among other things, he set forth, that, on the 29th of March, 1843, he mortgaged the premises to John Bacon and Nathaniel C. Cutler, to secure the payment of his note to them for five hundred dollars, in one year, with interest; that, on the 11th of April, 1843, he again mortgaged the same estate to Hannah Paine, to secure the payment of his note to her for two hundred dollars, in one year; that neither of said notes and mortgages had been paid or assigned; and he insisted, that the mortgagees ought to have been made parties to the bill. And, in order to obtain the opinion of the court upon the question, it was agreed, (for that purpose and no other,) that the defendant Cutler did make and deliver the notes and mortgages, as set forth in his answer, and the parties prayed the judgment of the court, if the mortgagees should have been made parties to the bill.

*E. Buttrick*, for the defendants.

*A. H. Nelson*, for the plaintiff.

WILDE, J.　This is a bill in equity for the redemption of a mortgage on real estate, made by Staples, one of the defendants, to one Crosby.　The plaintiff claims the right of redemption, by virtue of an attachment and execution thereon

against Staples, and by a sale thereof by the officer, according to the Rev. Sts. *c.* 73, § 38.

Staples demurs to the bill; and the other defendant has filed an answer, alleging certain facts, on which he prays that other persons may be made parties. The first cause of demurrer is, that the plaintiff has not stated a case which entitles him to relief in a court of equity. But there is no ground for this objection, unless the second cause of demurrer be well founded. That cause of demurrer is, that the bill is founded upon and contains a direct charge of fraud and conspiracy, of which this court, as a court of equity, has no jurisdiction. It is true, that the bill charges the defendant Staples with having made a fraudulent assignment of the bond of defeasance, after the plaintiff's attachment of the right of redemption. And it is also true, that, as a court of equity, we have no jurisdiction in cases of fraud, where relief against fraud is the direct and sole object of the bill.

But where we have jurisdiction, and a question of fraud is incidentally involved, we have power, necessarily, to inquire into and decide such question ; otherwise the jurisdiction expressly given by the statute might be eluded. So it was decided in *Holland* v. *Cruft*, 20 Pick. 321. That was a case founded on an alleged trust, and averring a fraudulent assignment to defeat the trust, and praying that the assignment might be set aside on account of the fraud. And it was held, that, although the court could not have equity jurisdiction, in the case of a bill to set aside a contract on the ground of fraud, yet that it had jurisdiction of that bill, inasmuch as it sought the performance of a trust, and the question of fraud must necessarily be considered and decided, as collateral and incidental to the principal inquiry. " In the exercise of this jurisdiction," the chief justice justly remarks, (p. 326,) " every question, whether of law or fact, upon which the rights of the parties depend, of whatever nature or character, must be inquired into and decided, according to the established course of proceedings in courts of equity." That this case was decided on just and un-

questionable principles, we can have no doubt, and they are conclusive in support of the present bill.

The bill prays for a discharge of the mortgage, and a reconveyance of the premises to the plaintiff, and alleges that a fraudulent assignment has been made, for the purpose of vesting an absolute estate in Crosby, the mortgagee, under whom the defendant Cutler claims title. That we have full power and are bound to inquire into and to decide upon the truth of this averment, appears to the court very clear. But the principal cause of demurrer, relied on in the argument, is, that Staples ought not to have been made a party. He, it is contended, has no interest in the premises, having conveyed his right and title to Cutler, the other defendant.

The general rule is, that a person who has no interest, and is a mere witness, against whom there could be no relief, ought not to be made a party. But there are exceptions to the general rule. A secretary of a corporation may be joined as a party, although he might be examined as a witness, and against the plaintiff could have no relief. So, agents to sell and auctioneers have been made parties, although no relief · was prayed for against them. So, by the cases cited in 7 Ves. 287, and in 1 Ves. & Bea. 548, it seems to be left doubtful, whether a person, against whom no relief can be decreed, may not be joined as a party for the purpose of discovery. Lord Redesdale says, "that a bankrupt, made a party to a bill against his assignees, touching his estate, may demur to the relief, all his interest being transferred to his assignees ; but it seems to be generally understood, that if any discovery is sought of his acts before he became a bankrupt, he must answer to that part of the bill for the sake of discovery, and to assist the plaintiff in obtaining proof. 1 Ves. & Bea. 548. And we are inclined to this opinion in the present case, which is confirmed by taking into consideration the Rev. Sts. *c.* 107, § 8. That section provides, that the action (to foreclose) may be brought in the same manner as a writ of entry, against whoever is tenant of the freehold ; and the mortgagor may, in all cases, be joined as a defendant, whether he then

has any estate in the premises or not ; but he shall not be liable for any costs, when he has no estate in the premises and makes no defence to the suit." The principle on which that section is founded seems to apply more strongly to a bill for redemption than to an action to foreclose, inasmuch as in the former case the plaintiff may be entitled to a discovery. Upon the whole, therefore, we are of opinion that Staples is rightfully joined as a party, and the demurrer must be over-ruled.

As to the answer of the other defendant, alleging that he has made two mortgages of the premises, one to John Bacon and Nathaniel C. Cutler, and another to Hannah Paine, and which mortgages have never been paid or assigned, we think it very clear, the facts being admitted, that these mortgagees should be made parties. It is a case within the general rule that all persons materially interested in the subject of the suit ought to be made parties, to prevent further litigation, and so that the court may be enabled to do complete justice, by deciding upon and settling the rights of all persons interested.

In the present case, neither of the defendants has the legal title ; the legal estate is vested in John Bacon and Nathaniel C. Cutler, to whom the defendant Thomas C. Cutler mortgaged the premises, long before this bill was filed. And, unquestionably, they must be made parties ; for they are entitled to the redemption money, and not the defendant Thomas C. Cutler. So Hannah Paine must be made a party ; and the question will be, whether the plaintiff will be entitled to redeem, without paying the full amount due on these two mortgages ; provided the same were taken in good faith, and without any knowledge of the alleged fraud. However that may be, it is clear, that they must be made parties, so as to allow them an opportunity to defend their rights in the present suit.